No. 14-1561 (L)

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

DEVIL'S ADVOCATE, LLC,

Plaintiff - Appellant

v.

GRYNBERG PETROLEUM COMPANY; JACK J. GRYNBERG,

Defendants - Appellees

On Appeal from the United States District Court
for the Eastern District of Virginia at Alexandria

---

Brief of Plaintiff - Appellant
Devil's Advocate, LLC

---

John W. Toothman, Esq.                         August 25, 2014
Devil's Advocate, LLC
PO Box 8
Great Falls, VA 22066
(703) 739-2660

Counsel for Plaintiff-Appellant

<u>Corporate Disclosure Statement</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1,

Plaintiff-Appellant Devil's Advocate, LLC, ("DA") has no disclosures to make.

__/s/ John W. Toothman _____
John W. Toothman, Esq.
Counsel for Appellant
Dated: August 25, 2014

Table of Contents

Corporate Disclosure Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii
    Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii
    Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv
    Other Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statement of Issues Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    Procedural History & Rulings for Review . . . . . . . . . . . . . . . . . . . . . . . .  8

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11
    The Lower Court Was an Appropriate Venue, Consistent with the Parties'
        Contractual Forum Selection Clause . . . . . . . . . . . . . . . . . . . . . . . . . 11
    DA Was Entitled to Entry of Partial Summary Judgment . . . . . . . . . . . . . 18
    DA Is Entitled to an Order Compelling Payment for Fees,
        Time & Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Certification of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Table of Authorities

Cases

*Atlantic Marine Construction Co. v. US District Court*,
   571 U.S. ____, 134 S.Ct. 568 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805 (1996) . . . . . . . . . . . 20

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800, 817-18, 96 S. Ct. 1236 (1976) . . . . . . . . . . . . . . . . . . . . . 12

*Devil's Advocate, LLC v. Grynberg Petroleum Co., et al.*, CL
   No. 2013-07559 (Fairfax County Cir. Ct.). . . . . . . . . . . . . . . . . . . . . . . 20

*Fastmetrix, Inc. v. ITT Corp.*, 924 F.Supp. 2d 668, 674 (E.D. Va. 2013) . . 17

*FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*,
   626 F.3d 752, 755 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18

*Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir., 2011) . . . . . . . . . . . . . . . . 11

*Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) . . . . . . . . . . 14

*In re Natural Gas Royalties Qui Tam Litigation*, MDL 1293,
   99-MD-1293 (D. Wyo.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lockton v. O'Rourke*, 184 Cal. App. 4th 1051, 1075-76
   (Cal. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*,
   471 F.3d 544, 550 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

<u>Statutes</u>

28 U.S.C. §127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 15, 16

28 U.S.C. §1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Va. Code Section 8.01-380(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

<u>Other Authorities</u>

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9, 12, 13, 15, 16

Fed. R. Civ. P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 52(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Fed. R. Civ. P. 54(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 10, 21, 22, 23, 24

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 18, 19, 20

Fed. R. Civ. P. 58 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Local Rule 3 (E.D. Va.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

Local Rule 56(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18, 19

Jurisdictional Statement

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §1332. There is diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional minimum. A6.

This Court has appellate jurisdiction pursuant to 28 U.S.C. §1291. DA is appealing the lower court's Order of May 2, 2014 (A234), denying DA's motion for partial summary judgment (Dkt. 6) and granting in part Grynberg's motion to dismiss (Dkt. 7-8). That Order was entered as a final judgment, dismissing the Complaint without prejudice, by Order of June 9, 2014 (A236) and the Clerk's Judgment of June 9, 2014 (A237). DA is also appealing the Order of July 11, 2014 (A238), denying DA's motion for fees, expenses, and other relief (Dkt. 23).

DA filed its first Notice of Appeal on May 31, 2014 (A239) and a second Amended Notice of Appeal on July 22, 2014 (A241).

This timely appeal is from one or more final decision(s), order(s), or judgment(s) disposing of all claims below, without prejudice.

1

<u>Statement of Issues Presented for Review</u>

Plaintiff-Appellant Devil's Advocate LLC ("DA") raises three issues on appeal:

First, the District Court erred when it dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that the lower court was not a proper venue due to the court's misconstruction of the parties' contract, which contains a forum selection clause.  Pursuant to 28 U.S.C. §1391(b), the lower court is a proper venue.  Recent US Supreme Court authority holds that forum selection clauses do not trump proper statutory venue.  The lower court's interpretation of the forum selection clause – so as to preclude federal jurisdiction or venue – is in error, for example, because it failed to appreciate the established distinction between forum selection "of" a court versus selection of a court "in" a state.  The Order dismissing the action below should be vacated and reversed, followed by appropriate proceedings below.

Second, DA's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 should have been granted, not denied as moot.  DA established the factual and legal basis for summary judgment on Count I, for

2

breach of contract, because no material facts were genuinely in dispute. Under the parties' contract, Grynberg is absolutely liable for DA's additional hourly work. Defendants-Appellees Grynberg Petroleum Company and Jack J. Grynberg (collectively "Grynberg") neglected to controvert DA's detailed, documented statement of uncontested material facts. Indeed, Grynberg's statements effectively admitted the validity of DA's claim. The District Court's denial of the motion as moot should be vacated and reversed, with further proceedings consistent with the original motion.

Third, DA's motion pursuant to Federal Rule of Civil Procedure 54(d)(2) for an award of DA's fees, recovery for its time, and other expenses, in accordance with the parties' contract terms, should have been granted, not denied. The District Court overlooked the express indemnification and fee-shifting terms of the contract, as well as the terms of Rule 54(d)(2). This appears to be an issue of first impression in federal court.

<u>Statement of the Case</u>

<u>Factual Background</u>

Defendants-Appellees Jack Grynberg and Grynberg Petroleum Company (collectively "Grynberg") are engaged in petroleum exploration and production. Since the 1990s, they have also been engaged in a multidistrict collection of

3

numerous federal false claims (qui tam) cases against hundreds of natural gas

companies. *In re Natural Gas Royalties Qui Tam Litigation*, MDL 1293, 99-MD-

1293 (D. Wyo.) (referred to here as the "Wyoming litigation"). According to the

report of the Special Master appointed to assess sanctions against Grynberg in that

litigation:

> Jack Grynberg (Relator) filed in the U.S. District Court for the District of
> Columbia, *United States ex rel. Grynberg v. Alaska Pipeline Co., et al.*, CV
> No. 95-725 (TFH) against 66 defendants. Multiple motions to dismiss were
> filed. Judge Hogan dismissed the complaint for lack of jurisdiction.
> Grynberg then proceeded to file 73 cases in seven jurisdictions against over
> 330 individual defendants. Grynberg sought to have the cases consolidated
> by the Multiple District Litigation panel of the United States District Courts.
> The multiple defendants filed individual pleadings in the respective courts as
> well as responding to the MDL panel. Some of the defendants organized and
> participated in a joint defense committee to coordinate pleadings in the
> various courts. The MDL panel transferred the cases to the United States
> District Court for the District of Wyoming and the case became MDL docket
> 99-MD-1293. The individual cases were given separate MDL docket
> numbers. Of the 330 defendants, there were 66 lead counsel. ...

(A99) (Second Amended Findings of Fact & Conclusions of Law of the Special

Master at 1, Wyoming litigation).

The cases went poorly for Grynberg, which not only lost almost completely

on the merits, and on appeal to the U.S. Court of Appeals for the Tenth Circuit, but

was held liable on July 22, 2011, for fee shifting or sanctions in the form of legal

fees and expenses incurred by the qui tam defendant gas companies, the amounts

of which were to be determined thereafter. (A100) Almost three years ago, the gas company defendants moved for more than $22 million in fee-shifting sanctions in the form of legal fees and expenses, which is where DA came in. *Id.*

Plaintiff-Appellant Devil's Advocate LLC ("DA") provides, *inter alia*, legal bill review and fee management services, including expert analysis and testimony on legal fees. Late in 2011, Grynberg approached and retained DA to review these legal bills and perform other expert consulting services for Grynberg between late in 2011 through August 2012. On or about December 14, 2011, Mr. Grynberg, for himself and Grynberg Petroleum, executed DA's written agreement and Grynberg is bound by the terms of this contract. The parties' contract, signed by Mr. Grynberg, is Complaint Exhibit A (A17), along with DA's original proposal. (A18-29)

To produce it's preliminary report and other reports and projects, DA was paid a lump sum in several installments through March 22, 2012, which Grynberg paid in full. (A30-31) Part of DA's preliminary report is in the Appendix, A51-83. Grynberg personnel expressed their satisfaction with DA's report. A224-26. Its impact is apparent from the Special Master's Report, A99-194 (at 3, 9, 11, 13, 38, 39 and list of October 4, 2012, hearing issues at 2), and the Wyoming District Court's Order Adopting Recommendations of Special Master, A201-09.

At Grynberg's request, after submission of the March 22, 2012, report, DA thereafter performed various additional tasks for Grynberg, which DA billed by the hour pursuant to their contract. (A17, A30-49) While Grynberg had paid for DA's preliminary services through March 2011, it failed to pay the last four DA invoices, which total $110,696.00 for services billed by the hour under the contract (principal only, exclusive of interest, fees, expenses, and indemnification due DA which continue to accrue under the contract). Grynberg thereby breached its contract with DA. (A17) Grynberg repeatedly assured DA it was in the process of paying the invoices and asked DA to continue providing additional services.

DA provided its time and expertise, including expert reports, consultation, analysis, data and exhibits for Grynberg court filings, along with other assistance and evidence supporting Grynberg's position, as requested by Grynberg. These efforts succeeded in substantially reducing Grynberg's liability by over $4.56 million, which was a saving to Grynberg of more than 20.7% of the gas defendants' fee and expense claims, or more than 40 times the amount DA had billed Grynberg for these hourly services. A99-194 (Second Special Master Report) & A201-09 (Court Order).

Portions of the contract between DA and Grynberg which are material here include the following:

6

<u>Hourly Fees</u>: DA charges hourly fees for open-ended or unpredictable tasks, *especially work after the preliminary report*.  For the personnel most likely to bill time on this matter, current hourly rates are:  John Toothman, Esq. ($400/hour), Jane Morrison, Esq. ($350/hour), paralegals and other services ($100-$250/hour). ... *These hourly fees are also charged for work in addition to or beyond the scope of the initial flat/percentage fee engagement, such as time spent responding to subpoenas, discovery requests, testimony (including preparation), or any proceedings or collateral dispute relating to or arising in any way from or because of this engagement or services provided to Client*. ...

<u>Other Terms</u>: DA does not charge contingent fees. ...  Litigation is unpredictable and DA makes no guarantee of any specific result. Client cooperation is an important factor in meeting both fee and time estimates. ... *Client agrees to indemnify and hold DA harmless for any proceedings or collateral dispute relating to or arising in any way from this engagement or services provided to Client*. ... Our Terms of a Devil's Advocate Proposal are incorporated, too.

*Unpaid balances are charged 1.5% compound interest per month (18% APR) plus DA's legal fees and expenses to collect*. ... **This agreement is governed by Virginia law and all disputes shall be resolved in a Fairfax County, Virginia, court**.

A17, Complaint Exhibit A at 2 (emphasis supplied.)

DA is also entitled, pursuant to the terms of the parties' contract, to the following additional relief, which continues to accrue: pre- and post-judgment monthly compound interest on all amounts of 18% APR, DA's attorney fees and expenses, the balance of any percentage fee, and indemnification for DA's time expended since was issued at its agreed hourly rates.

7

Procedural History & Rulings for Review

DA filed its Complaint on November 26, 2013.[1]  (A5-15; Dkt. 1)

DA moved for partial summary judgment on March 31, 2014.  Dkt. 6.

Grynberg opposed the motion, Dkt. 11, and DA filed a reply, Dkt. 14.

On April 1, 2014, Grynberg moved to dismiss on several grounds, including

improper venue under Fed. R. Civ. P. 12(b)(3).  Dkt. 7&8.  DA opposed the

motion.  Dkt. 12.  Grynberg filed a reply brief as well.  Dkt. 13.

By Order dated May 2, 2014, the lower court (Hilton, J.), denied DA's

motion for partial summary judgment as moot and granted Grynberg's motion to

dismiss on venue grounds, without prejudice.  (A234)  DA filed a timely notice of

appeal on May 31, 2014.  (A239)

DA also moved for entry of judgment or a final order pursuant to Rule 58,

Fed. R. Civ. P.  Dkt. 16.  By Order dated June 9, 2014, the lower court ordered

entry of judgment without prejudice (A236), which judgment was entered on the

same date.  (A237)

On June 15, 2014, DA moved to recover its fees, expenses, and

reimbursement for its time pursuant to the fee-shifting, indemnification, and hold

---

[1]  DA had previously sued Grynberg in the Fairfax County (Virginia) Circuit
Court. A84 (verified complaint), A91 (amended complaint).  DA non-suited that
action on December 5, 2013 (A199), to prosecute this action.

8

harmless provisions of the contract with Grynberg, A17, under Fed. R. Civ. P.

54(d)(2).  Dkt. 23.  Grynberg opposed the motion, Dkt 25, and DA filed a reply

brief, Dkt. 26.  By Order dated July 11, 2014, the lower court denied DA's motion.

(A238)  On July 11, 2014, DA filed its second timely notice of appeal.  (A241)


Summary of the Argument

    The District Court erroneously dismissed the action under Federal Rule of

Civil Procedure 12(b)(3), for improper venue, because it overlooked controlling

venue law and therefore misread the forum selection clause in the parties' contract:

"This agreement is governed by Virginia law and all disputes shall be resolved **in a**

**Fairfax County, Virginia, court**."  The Eastern District of Virginia is, by

definition and law, a court "in" Fairfax County, Virginia.  28 U.S.C. § 127, and by

local rule, Local Rule 3 (E.D. Va.).[2]  Moreover, under a recent decision of the

United States Supreme Court, a district court may not dismiss an action under Rule

12(b)(3) for improper venue because of a forum selection clause if the venue is, in

fact, a proper venue.  The lower court also failed to distinguish, under Fourth

Circuit law, between a forum selection clause specifying a court which is "in" an

---

    [2]  References to "Local Rules" are to the local rules for the U.S. District
Court for the Eastern District of Virginia.

area from that which is "of" an area – the forum selection clause here specifies a court "in" Fairfax County, which includes federal as well as state courts.

DA's Motion for Partial Summary Judgment should have been granted, rather than denied as moot, because DA established that the undisputed material facts compelled summary judgment on Count I, for breach of contract. Grynberg failed to controvert DA's uncontroverted, documented facts and raised only immaterial arguments to contest Count I and failed to comply with the local and federal rules requiring documentation of any genuinely disputed, material facts. Fed. R. Civ. P. 56(a); Local Rule 56(B).

DA's Motion for Recovery of Time, Attorney Fees, and Expenses Pursuant to Federal Rule of Civil Procedure 54(d) sought payment to DA under the indemnification and fee-shifting provisions of the parties' contract. The District Court erroneously denied relief, finding no basis for the request, contrary to the contract terms and Rule 54(d)(2). The lower court should have compelled Grynberg to pay DA's fees, expenses, and indemnified DA for its time, pursuant to the contract.

<u>Argument</u>

    <u>Standard of Review</u>

The standard for review of the lower court's rulings as a matter of law on these motions is de novo, applying the same law the lower court should have applied. *See, e.g.*, *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir., 2011). All these motions were decided as a matter of law on the parties' papers – there were no oral arguments nor any evidentiary proceedings.

    <u>The Lower Court Was an Appropriate Venue, Consistent with the Parties' Contractual Forum Selection Clause</u>

The District Court erroneously granted, in part, Grynberg's Motion to Dismiss, dated April 1, 2014 (Dkt. 7-8). The issue revolves around the forum selection clause in the parties' agreement, which states: "This agreement is governed by Virginia law and all disputes shall be resolved **in a Fairfax County, Virginia, court**." A17 (emphasis supplied; a clearer copy prior to execution is at A28). The court found that this language precludes federal venue in the Eastern District of Virginia, even though Fairfax County is within the division. The court missed several relevant precedents: The lower court was and is a proper venue and the forum selection clause permits DA to proceed in that court.

The District Court's Order (dated May 2, 2014) states in relevant part:

11

A motion to dismiss based on a forum-selection clause is properly treated as a motion to dismiss based on improper venue under Federal Rule of Civil Procedure 12(b) (3). *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc*., 471 F.3d 544, 550 (4th Cir. 2006). "A general maxim in interpreting forum selection clauses is that 'an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion.'" [Citation omitted.] (internal quotations omitted).

In December 2011, Plaintiff and Defendants entered into a contract for Plaintiff to provide expert witness and consulting services. The terms of the contract state that "[t]his Agreement is governed by Virginia law and all disputes shall be resolved in a Fairfax County, Virginia court." **This forum selection clause in the contract mandates that any dispute be resolved in the courts of Fairfax County, and not in the United States District Court**. Therefore, this Court is an improper venue, and this case should be dismissed under Federal Rule of Civil Procedure 12(b) (3).

A234-35 (emphasis supplied).  (DA's Motion for Partial Summary Judgment was denied as moot and the case was dismissed *without prejudice* under Rule 12(b)(3).[3])  As discussed below, the court's reliance on *Sucampo* was misplaced in light of newer, controlling Supreme Court law, there is no specific language excluding federal jurisdiction, and the court turned the operative contract language inside out and backwards by converting an "in" to an "of" and purporting to find in

---

[3]  Grynberg's Motion to Dismiss relied on three theories, including "insufficient service of process" (Fed. R. Civ. P. 12(b)(5)), "improper venue" (Fed. R. Civ. P. 12(b)(3)), and "federal court *Colorado River* abstention."  Dkt. 7-8 (Def. Motion at 1).  The lower court implicitly denied the service of process and *Colorado River* abstention grounds, ruling only on "improper venue."  A234-35. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18, 96 S. Ct. 1236 (1976).

the parties' contract an exclusion of federal court jurisdiction where no such

exclusion exists.

The lower court's venue ruling under Rule 12(b)(3) is erroneous because the

Eastern District of Virginia was and is a proper venue.  28 U.S.C. §1391(b)(2&3)

(*see* A6, Complaint ¶¶ 2-4).[4]  A substantial part of the events occurred in the

district, including Grynberg's approach to DA, DA's work, and communications

from and to Grynberg staff (Complaint Exhibits B-F, A30-49) (Section 1391(b)

subsection 2) and Grynberg was subject to personal jurisdiction in the district

(service of process affidavits, Dkt. 4&5, A195-98) (Section 1391(b) subsection 3).

*See also*, A219-20 (declaration verifying venue).

The forum selection provision in the agreement signed by Grynberg

specifies litigation "**in a** Fairfax County, Virginia court," A17, which means it can

be any court with jurisdiction in Fairfax County, including the lower court – it

---

[4]  Section 1391(b) provides in relevant part:

Venue in General.  A civil action may be brought in ...
(2) a judicial district in which a **substantial part of the events or omissions giving rise to the claim occurred**, ...; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, **any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action**.

(Emphasis supplied.)  This Court is a proper venue under both subsections (2) and (3).  *See* A219-20, Toothman Declaration ¶¶ 3 & 4.

13

does not say that the court must be physically located in Fairfax County. Note, for example, that there is no reference or limitation to "state" courts nor the express or even implied exclusion of federal courts which the lower court says it found.[5] Order at 2 (A235). That the lower federal court has venue and the authority to act in Fairfax County is made clear both by federal law, 28 U.S.C. § 127, and by local rule, Local Rule 3 (E.D. Va.).[6] The venue of the court does not depend upon where the courthouse is physically located and the federal court could as easily have been built in Fairfax County or Fairfax County's borders could have been legislated to include Alexandria, Virginia: A court's authority, including its geographic boundary, is established by law, not by the location of its architecture. As the local rule and federal statute quoted above show, the Eastern District of

---

[5] For cases in which a forum selection clause limits venue to **state** courts only, the limitation to **state** court must be express: "A general maxim in interpreting forum-selection clauses is that 'an agreement **conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere** unless it contains **specific language of exclusion**'" – there is no such language here, although the lower court did quote this maxim. *Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (emphasis supplied).

[6] The Eastern District of Virginia "**consists**" of all the counties within its jurisdiction, Local Rule 3(A), including "Fairfax" county. By law, "The Eastern District **comprises the counties of ... Fairfax**, ...." 28 U.S.C. § 127 (emphasis supplied). Section 127 continues "Court for the Eastern District shall be held at Alexandria, Newport News, Norfolk, and Richmond..." This does not mean that Alexandria and these other cities are the full extent of the lower court's jurisdiction or venue, just the physical location where its current courthouses happen to be.

Virginia includes all of Fairfax County, Virginia.  Based on the actual contract language and statutory and case law, venue and forum selection are thus both proper in the lower court.

Grynberg moved under Rule 12(b)(3) for dismissal by arguing that the lower court was an improper venue.  Because the Eastern District is a proper venue under Section 1391, Rule 12(b)(3) is immaterial and a motion to dismiss on venue grounds cannot be granted, even if there is a forum selection clause in the picture, as established in a recent US Supreme Court decision overlooked by the lower court:  *Atlantic Marine Construction Co. v. US District Court*, 571 U.S. ____, 134 S.Ct. 568 (2013)[7] (forum selection does not alter proper venue; forum selection clauses controlling absent exceptional circumstances).

Under *Atlantic Marine*, Grynberg's Rule 12(b)(3) motion to dismiss must be denied because the lower court is not a wrong or improper venue under federal venue law.  No matter what the forum selection clause might say, it cannot alter the

_____

[7]  "The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum. In particular, the venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant."  Slip. Op. at 9.  Moreover, "[t]he conclusion that venue is proper so long as the requirements of Section 1391(b) are met, irrespective of any forum-selection clause, also follows from our prior decisions ..."  *Id.*  Forum selection clauses can be enforced through motions under 28 U.S.C. §1404(a), where they may be "controlling" except in "the most exceptional cases."  *Id.* at 12.

15

fact that the lower court was a legally proper venue.  *See* 28 U.S.C.§1391, 28

U.S.C. §1404.  *Atlantic Marine* has effectively overruled *Sucampo*

*Pharmaceuticals*, which the lower court cited and relied upon.  (A234-35)  *See*,

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th

Cir. 2006).

Moving beyond the Rule 12(b)(3) issue, the lower court did not use the

proper analysis in the wake of *Atlantic Marine* to apply forum selection clauses in

contracts, once one establishes that the venue is legally proper, as it was here.  This

forum selection clause permits DA to bring its claim in the lower court, so there is

no basis for overturning DA's choice of forum anyway.  There is nothing in this

forum selection clause mandating suit only in a court **of** the state of Virginia[8], as

opposed to either a state or federal (or any court) that may have jurisdiction **in**

Fairfax County, Virginia.[9]  There is a long line of cases dealing with this very

distinction, which is known as the "in or of" forum selection interpretation issue.

The importance of the "in" versus "of" distinction is made abundantly clear in

---

[8] DA will identify the Commonwealth of Virginia as a state for simplicity here.

[9] Since Grynberg is only arguing for the court to compel DA to sue in a state circuit court but not a federal court a few miles away, it is not, for example, denying personal jurisdiction in Virginia or that Northern Virginia would be an inconvenient forum.

16

controlling case law, which the lower court overlooked.  In *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, the Fourth Circuit explained the difference between forum selection clauses that use the word "in" – as occurred here – thereby *allowing* venue in both state and federal courts, and those which identify a court "of" a particular named state – which did not occur here – but which thereby might specify a state's legal system and not include federal courts:

> ... the district court applied the widely-accepted rule that forum selection clauses that use the term "**in** [a state]" express the parties' intent as a **matter of geography**, permitting jurisdiction **in both the state and federal courts of the named state**, whereas forum selection clauses that use the term "**of** [a state]" connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state.

*FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (emphasis supplied).  The agreement here says "**in** a Fairfax County, Virginia, court," not a court **of** Virginia, so a federal court in Virginia is not excluded.[10]  Indeed, in the sentence after quoting the actual language, the lower

---

[10] *See also, Fastmetrix, Inc. v. ITT Corp.*, 924 F.Supp. 2d 668, 674 (E.D. Va. 2013) (Ellis, J.).  There the forum selection clause said "exclusively in the courts of the Commonwealth of Virginia located in Fairfax County, Virginia," which contrasts starkly with the clause involved here.

court turned the "in" to an "of."[11]  (A234-35)  *Findwhere* is controlling and requires reversal of the lower court's Order.

For these reasons, the lower court erroneously dismissed the Complaint without prejudice.  That decision should be vacated and reversed and the case remanded for further proceedings.

<u>DA Was Entitled to Entry of Partial Summary Judgment</u>

DA moved for partial summary judgment on Count I for breach of contract. Dkt. 6.  DA sought only *partial* summary judgment because, *inter alia*, (1) some elements of its damages continue to accrue, and (2) Count II, for fraud, may require a trial.  DA supported its motion with admissible evidence, including various exhibits and two declarations.  Dkt. 6 & 14; A16-A49, A210-213, A221-23 (Exhibits A to K and two declarations).

There were no material facts genuinely in dispute and DA was entitled to partial summary judgment.  Fed. R. Civ. P. 56(a).  Pursuant to Local Rule 56(B),

---

[11]  To skirt the clear "in" language of the parties' contract, Grynberg misstated below the terms of the contract, inaccurately claiming that it "mandates that any dispute be resolved in **the courts of Fairfax County**, and **not in the United States District Court.**"  Dkt. 8, Mem. at 4 (emphasis supplied).  Not only did this switch the cruical "in" of the contract to a non-existent "of," but it implied a fictitious clause expressly denying federal jurisdiction.  Unfortunately, the District Court was misled by Grynberg's misstatement, incorporating it verbatim in its Order as though it were from the parties' contract.  (A235)

DA's memorandum included a separate section listing the material facts as to which there could be no genuine issue. *See also*, Fed. R. Civ. P. 56(c & e). Under Local Rule 56(B) (E.D. Va.), Grynberg admitted all of DA's statements of material fact because it failed to identify those which it disputed and, if it did dispute any of DA's facts, it did not document any disputed facts with admissible evidence. Dkt. 11. The lower court therefore was supposed to "assume that [all the] facts identified by the moving party in its listing of material facts are admitted ...." *Id.* This was itself a sufficient factual and legal basis for granting DA's Motion for Partial Summary Judgment.

The lower court denied DA's motion as moot in the course of granting Grynberg's motion to dismiss on venue grounds, as noted above. (A235) The lower court's order denying DA's motion for partial summary judgment should be vacated, reversed, and remanded for entry of partial summary judgment and further proceedings consistent therewith. DA is entitled to partial summary judgment as a matter of law as to Grynberg's liability on Count I, for breach of contract, including DA's right to collect the balance due of at least $110,696.00 on that count, plus its right to additional amounts continuing to accrue for pre- and post-

19

judgment interest, attorney fees and expenses, and indemnification for DA's other time and expenses.[12]

Rule 56(a) provides that DA "may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The uncontrovertible, admissible facts in support of DA's motion were included by the exhibits and declarations cited above.

Under Virginia law there are three elements to a breach of contract, each of which DA established here: a legally enforceable obligation (Exhibit A to the Complaint, A16-A29), defendant's breach of the obligation (here by nonpayment, *e.g.*, A5 to A49 and verifying declarations), and damages (*e.g.*, invoices and statements at A30-A49).  *See, e.g., Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805 (1996).

---

[12]  DA originally brought suit against Grynberg in the Fairfax County Circuit Court. *Devil's Advocate, LLC v. Grynberg Petroleum Co., et al.*, CL No. 2013-07559 (Fairfax County Cir. Ct.).  That action was non-suited on December 5, 2013, pursuant to Va. Code Section 8.01-380(A).  Several claims dismissed with prejudice by the Fairfax Circuit were the subject of a Petition by DA for leave to appeal to the Virginia Supreme Court.  That Petition was denied on July 14, 2014.

The incontrovertible facts establish all elements of Grynberg's liability on Count I, as well as the principal amount of the original damages as established in Exhibits C through F, which is $110,696.00.  Grynberg's liability for the balance of any percentage fee plus pre- and post-judgment interest at 1.5% per month (18% APR), DA's attorney fees and expenses, and indemnification for its additional time and any other expenses is also established as a matter of law, although the amounts continue to accrue.  Complaint Exhibit A at 2 (A17).

<u>DA Is Entitled to an Order Compelling Payment for Fees, Time & Expenses</u>

Pursuant to the terms of the parties' contract and Rule 54(d)(2), DA is entitled to fee-shifting and indemnification for its time, legal fees, and legal expenses:

> <u>Hourly Fees</u>: ...  For the personnel most likely to bill time on this matter, current hourly rates are: John Toothman, Esq. ($400/hour), Jane Morrison, Esq. ($350/hour), paralegals and other services ($100-$250/hour). ...  These hourly fees are also charged for work in addition to or beyond the scope of the initial flat/percentage fee engagement, such as time spent ...  **or any proceedings or collateral dispute relating to or arising in any way from or because of this engagement or services provided to Client**. ...

> <u>Other Terms</u>: ... **Client agrees to indemnify and hold DA harmless for any proceedings or collateral dispute relating to or arising in any way from this engagement or services provided to Client**. ...  Our Terms of a Devil's Advocate Proposal are incorporated, too.

> Unpaid balances are charged 1.5% compound interest per month (18% APR) **plus DA's legal fees and expenses to collect**.

Complaint Exhibit A at page 2, A17 (emphasis supplied.)  Note, for example, that these indemnification provisions do not contain any "prevailing party" or similar limitation on DA's right to recover, but that is only DA's right.  It is the function of these clauses to discourage the very sort of litigation game that Grynberg is playing here to run up DA's expenses and run out the clock.  DA is entitled to relief under these contractual provisions themselves, regardless of the outcome of this litigation on any other item, because these indemnification and fee-shifting provisions are designed precisely to make DA whole for the time and money Grynberg is wasting by failing to pay DA in full, on time, and without litigation games, in the first place.  Although fee shifting is a common practice, this particular situation may present an issue of first impression in federal court.  *But see, e.g., Lockton v. O'Rourke*, 184 Cal. App. 4th 1051, 1075-76 (Cal. App. 2010).

Rule 54(d)(2) provides as follows:

(A) Claim to Be by Motion. A claim for **attorney's fees and related nontaxable expenses** must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

(i) **be filed no later than 14 days after the entry of judgment**;

(ii) **specify the judgment and the statute, rule, or other grounds entitling the movant to the award**;

(iii) **state the amount sought or provide a fair estimate of it**; and

(iv) **disclose, if the court so orders, the terms of any agreement** about fees for the services for which the claim is made.

(C) Proceedings. ... , the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. **The court must find the facts and state its conclusions of law as provided in Rule 52(a)**.

Fed. R. Civ. P. 54(d)(2) (emphasis supplied).  The District Court made no finding of fact nor any conclusions of law.

DA moved on June 15, 2014, to recover its fees, indemnification for its time, and expenses pursuant to Rule 54(d)(2) and the contract of the parties.  Dkt. 23. DA's motion complied with all four items required by subsection (B).  DA timely submitted its motion, specified the legal basis for fees, time, and costs, and submitted its summary of amounts due, which was supplemented with a declaration and more documentation on reply.  (Dkt. 26; A227-33)   DA claimed indemnification for time, fees, and expenses totaling $171,724.85, plus pre- and post-judgment interest at 18% APR compounded monthly, although noting that

23

these amounts would continue to accrue until paid.  DA thereby complied with all

relevant terms of Rule 54(d)(2)(B), Fed. R. Civ. P.

The District Court denied DA's motion:

> This matter comes before the Court on Plaintiff Devil's Advocate, LLC's ("Plaintiff's") Motion for Recovery of Time, Attorney's Fees, and Expenses pursuant to Federal Rule of Civil Procedure 54(d). It appearing to the Court that Plaintiff has shown no authority **either under contract** or by statute that would entitle it to recover time, fees, or expenses, it is hereby
>
> ORDERED that Plaintiff's Motion is DENIED.

Dkt. 27; A238 (emphasis supplied).  The court made no findings of fact nor

conclusions of law.  The court overlooked both the terms of Rule 54(d)(2) and the

parties' contract, A17, which provided the legal and factual basis for the award.[13]

The indemnification and fee-shifting provisions of the parties' agreement

mandates payment to DA regardless of the outcome in the lower court or

elsewhere, including on appeal.  Although Grynberg asked the lower court,

without citation of a single authority, to re-write the contract and ignore DA's

rights, this is not, for example, a "prevailing party" provision: DA (and only DA)

is entitled to its fees, expenses, and time, win or lose on any other item or claim.

---

[13]  Moreover, this ruling must be without prejudice to DA's right to litigate and collect these fees, expenses, and collect for its time, pursuant to the parties' contract.

24

<u>Conclusion</u>

For the foregoing reasons, DA requests (1) that the order dismissing the complaint be vacated and reversed, (2) that the order denying DA's motion for partial summary judgment be vacated and reversed with partial summary judgment to DA, (3) that the order denying DA's motion for compensation for its time, fees, and expenses be vacated and reversed, (4) that DA be granted compensation for its time, fees, and expenses consistent with the parties' contract and the rules of this Court, and (5) that this action be remanded for further proceedings consistent with this Court's instructions.

Respectfully Submitted,

__/s/ John W. Toothman _____
John W. Toothman, Esq.
Devil's Advocate, LLC
PO Box 8
Great Falls, VA 22066
(703) 684-6996

Counsel for Plaintiff-Appellant
Devil's Advocate, LLC

Dated: August 25, 2014

Certification of Compliance

This brief complies with the length and typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared using a proportionally spaced serif typeface using WordPerfect software and 14 point Times New Roman font.


\_\_/s/ John W. Toothman \_\_\_\_\_
John W. Toothman, Esq.
Counsel for Appellant
Dated: August 25, 2014


Certificate of Service

I certify that on August 25, 2014, the foregoing document and the Joint Appendix were served on counsel for Defendants-Appellees through the CM/ECF system, with a courtesy hardcopy of both the next day by first-class mail, postage prepaid, to:

Brian V. Ebert, Esq.
10555 Main Street, Suite 650
Fairfax, Virginia 22030
(703) 281-9000
Counsel for Defendants-Appellees


\_\_/s/ John W. Toothman \_\_\_\_\_
John W. Toothman, Esq.
Counsel for Appellant